**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **V.** | : | **CR. NO. 07-00085-01S** |
| | : | |
| **ARUTYUN SHATAREVYAN** | : | |

# DEFENDANT'S SENTENCING MEMORANDUM

## I. INTRODUCTION

Defendant executed a plea agreement in the present matter in which he pled guilty to violating one count of Title 18, United States Code, Sections 1029(a)(2) and 371, conspiracy to traffic in and use one or more unauthorized access devices; and one count of Title 18, United States Code, Sections 1028A(a)(1) and (c)(4), fraud with identification documents. The offense conduct is set forth in the statement of facts in the filed plea agreement and the Presentence Investigation Report.

## II. OBJECTIONS TO PRESENTENCE REPORT

### 1. Objection to Specific Offense Characteristics (Page 9, Paragraph 19)

Defendant objects to the Probation Office's recommendation of a ten-level increase to the Defendant's calculated offense level. That increase recommendation is based on a reported loss to the victims, stated by the Government, of $132,300.

Defendant submits that neither the defense nor, presumably, the Probation Office, has been provided with any specific verification substantiating the loss suffered from the counts of

conviction. The amount contained within the Presentence Report was obtained only by relying upon the Government's version of facts and without getting complete verification of the entire total loss amounts used to calculate guideline adjustments. The pre-sentence report provided to Defendant only had nine (9) verified losses from nine (9) financial institutions. (*See* Presentence Investigation Report, Victim Impact Statement, Page 7.)

Defendant submits, pursuant to Federal Rules of Criminal Procedure Rule 32(c)(1)(b), the probation office must conduct an independent investigation with respect to calculating specific losses and restitution, and submit sufficient information justifying the loss and restitution calculations.

Further, the parties have stipulated, as indicated in the filed plea agreement, that the amount of loss in the offense is less than $120,000 and that the Government does not believe that the amount of loss involved in the offense will exceed $120,000.

Therefore, Defendant submits that only an eight-level (8) increase of the offense level is warranted pursuant to U.S.S.G. § 2B1.1(b)(1).

**2. Objection to Specific Offense Characteristics (Page 9, Paragraph 20)**

Defendant objects to the six-level increase recommended by Probation pursuant to U.S.S.G. § 2B1.1(b)(2) based on a purported total of two hundred and sixty-five (265) victims. Probation has incorrectly included in the pool of victims all of the individual credit card and debit card account holders, the "Stop and Shop" stores involved in the offenses, and twenty-six (26) financial institutions that issued the credit cards to account holders.

Defendant submits, pursuant to the Application Notes to U.S.S.G. § 2B1.1, the term "Victim" means, "(a) any person who sustained any part of the *actual loss* determined under subsection (b)(1)l or (b) any individual who sustained bodily injury as a result of the offense."

[emphasis added]

In the present matter none of the individual credit card and debit card account holders sustained any actual loss, since the financial institutions issuing the card to the individual account holder have already reimbursed the account holders for any loss. Accordingly, it appears that the only actual victims for purposes of increasing the offense level pursuant to § 2B1.1(b)(2) were the twenty-six (26) financial institutions involved. As such, pursuant to §2B1.1(b)(2)(A), only a two-level (2) increase of offense level should be applied rather than a six-level increase.

**3. Objection to Specific Offense Characteristics (Page 9, Paragraph 21)**

Defendant objects to the recommendation of the Probation Office of a two-level (2) increase in offense level pursuant to § 2B1.1(b)(9)(c) based upon Probation's determination that the offense involved sophisticated means.

Application Note 8 to § 2B1.1 defines "sophisticated means" as "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." In the present matter, the defendant's conduct pertaining to the execution or concealment of the offense does not rise to the level of sophistication needed to warrant an increase of the Defendant's offense level.

The instant offense was executed by the Defendant by swapping in-tact and un-compromised credit card pin-pad terminals with terminals that had been altered to be able to obtain account information from individuals using the terminal to complete a credit or debit card purchase. The swapping of terminals was done at a time when store employees were present and when the Defendant placed himself at great risk of being apprehended. The account information that was obtained by the Defendant through the altered pin-pad terminals was then viewed using a laptop computer terminal. Although the Defendant was observed swapping the terminals in the

Stop and Shop stores, there is no information to suggest, however, that he was in any way responsible for the wiring or manufacturing of the altered terminals or for their mechanical operation. There is also no information to suggest that the Defendant was responsible for obtaining, designing, or implementing the computer program used to view the information obtained through the altered credit card pin-pad terminals.

In addition to the Defendant's conduct relating to the execution of the offense, his conduct relating to his concealment of the offense also does not rise to the level of being "sophisticated means." Defendant was apprehended after Stop & Shop employees observed him attempting to remove a debit / credit pin pad terminal from the store. He failed to notice that the store had bolted down the terminals as a result of prior tampering incidents. While being taken into custody by the police, a pin pad terminal fell out of Defendant's jacket and onto the floor of the store where it could be observed by arresting officers.

Therefore, based on the above information and the lack of sophistication exhibited by Defendant, the defendant objects to the recommended two-level adjustment in offense level pursuant to U.S.S.G. § 2B1.1(b)(9)(c).

**4. <u>Objection to Specific Offense Characteristics (Page 9, Paragraph 22)</u>**

Defendant objects to the proposed two-level increase of offense level pursuant to U.S.S.G. § 2B1.1(b)(10)(B)(I) based on the production or trafficking of unauthorized access devices. Defendant submits that this adjustment should be denied since Count Two of the Information to which Defendant pled guilty involves the use and trafficking of an unauthorized access device and means of identification. Defendant submits it would be unfair, and would constitute double punishment, if the Court were to increase the offense level for Count One based on the same conduct underlying Count Two, which itself mandates a consecutive two year

sentence to Count One. Accordingly, Defendant respectfully objects to the imposition of this specific offense characteristic adjustment.

## III. SUGGESTED CALCULATION OF OFFENSE LEVEL

| | | |
|---|---|---|
| Base Offense Level [§ 2B1.1(a)(2)]: | | 6 |
| Specific Offense Characteristics [§ 2B1.1(b)(1)(E)]: | +8 | |
| Specific Offense Characteristics [§ 2B1.1(b)(2)(C)]: | +2 | |
| Adjusted Offense Level (subtotal): | | 16 |
| Adjustment for Acceptance of Responsibility: | | - 3 |
| TOTAL OFFENSE LEVEL | | 13 |
| Defendant's Criminal History Category: | | I |
| Guideline Sentence: | | 12 - 18 months |

## IV. 18 U.S.C. §3553 FACTORS RELEVANT IN THE INSTANT CASE

### A. The General Effect of United States vs. Booker on Sentencing Proceedings

As this Court is fully aware, the United States Supreme Court made the sentencing guidelines advisory by invalidating the statutory provision that otherwise makes them mandatory (18 U.S.C. §3553(b)) and severing that provision from the remainder of the statute. See United States vs. Booker 543 U.S. 220 (2005).

### B. The Application of Section 3553(a) Factors in the Present Case

Defendant is a twenty-one (21) year old male who, up to the present matter, has had no instances of other criminal conduct. The Defendant was born in Armenia, where he also spent most of his childhood. At the age of sixteen (16) Defendant moved to California with his family

and has maintained a very close relationship with his family. Defendant continues to maintain the support of his family even with the present matter pending before the Court. Defendant wishes to return to see his family in California as soon as possible as his father is disabled, unable to engage in any gainful activity, and suffers from Diabetes Mellitus, hyperlipidemia, general weakness, L-S Disc disease and other ailments. Defendant's father has previously been admitted to the hospital suffering from a heart attack in September, 1997. (*See* letters from admitting hospitals, attached hereto as Exhibit "A.")

While currently single, Defendant does plan to marry his long time girlfriend whom he has had a relationship with for more than three (3) years. Defendant has had no issues in his past with the use of controlled substances or with the excessive use of alcohol and is generally healthy, both mentally and physically.

Defendant has maintained employment throughout his life, including working for his father's vending machine business, volunteering at Nash Business Services in California, and working as a security guard as well as caring for special needs children. He has completed various courses of study and schooling. Defendant is a graduate of Continental Academy (a home school high school program) as well as North-west College in Glendale, California, where he obtained a diploma as a Pharmacy Technician**.** Defendant has also earned the general respect and praise of his family, friends and neighbors; all of whom believe him to be trustworthy, reliable, and respectful, among many other positive qualities. (*See* character letters from family and certificates, attached hereto as Exhibit "B" and character letter from friends, attached hereto as Exhibit "C".)

Defendant further accepts responsibility for his stupid actions in this case. Defendant was not the person who devised this scheme, nor was he the one directing its operation. More importantly, the Defendant implores this Court to consider a lower sentence in light of Defendant

being the first Defendant to waive indictment and plead to an Information. The Defendant submits shortly after he plead guilty the other defendants acknowledged his guilty plea and, they too, entered pleas of guilty.

Government counsel specifically represented to Defendant's counsel that the Government would seek a lower sentence and bring to the Court's attention Defendant's status as the first to plead. (*See* letter from defense counsel to Assistant United States Attorney Lee Vilker, attached hereto as Exhibit "C.")

## V. CONCLUSION

Based on the application of the appropriate advisory Federal Sentencing Guidelines and in consideration of the factors contained within U.S.C. § 3553(a), the Defendant's early acceptance of responsibility, and his personal history and characteristics, the Defendant respectfully requests a sentence of 12 months as to Count One plus 24 months consecutive as to Count Two, for a total of 36 months.

Defendant further requests the Court recommend that Defendant be designated at an institution in Southern California, so that he may be located close to his immediate family as well as his fiancé.

Dated: November 21, 2007

Respectfully submitted,
ARUTYUN SHATAREVYAN

By his attorneys,

/s/ Alex R. Kessel, Esq.

Alex R. Kessel, Esq.
Law Offices of Alex R. Kessel
16000 Ventura Boulevard
Penthouse, Suite 1208

Encino, California 91436
(818) 995-1422 (Telephone)
(818) 788-9408 (Facsimile)

/s/ Olin Thompson, Esq.

Olin Thompson, Esq.
McKiernan Thompson & Millea
243 North Main Street
Providence, Rhode Island 02903
(401) 453-4000 (Telephone)
(401) 223-1401 (Facsimile)

## CERTIFICATION

I hereby certify that on November 21, 2007 a true copy of this document was delivered electronically using the CM/ECF system, which will send notification to A.U.S.A. Lee Vilker; and by regular mail, postage prepaid to A.U.S.A. Lee Vilker at 50 Kennedy Plaza, Providence, Rhode Island, 02903.

/s/ Alex. R. Kessel, Esq.

Alex R. Kessel, Esq.
Law Offices of Alex R. Kessel
16000 Ventura Boulevard
Penthouse, Suite 1208
Encino, California 91436
(818) 995-1422 (Telephone)
(818) 788-9408 (Facsimile)